HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATE OF AMERICA for the use and benefit of CLAY WICKSTROM, d/b/a PAINTER'S CHOICE,

Plaintiff,

v.

PARSONS EVERGREENE, LLC, a Delaware limited liability company; FEDERAL INSURANCE COMPANY, a New Jersey corporation; and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

Defendants.

Case No. CV05-5436 RBL

ORDER ON MOTION TO TRANSFER VENUE

THIS MATTER comes on before the above-entitled Court upon Defendant Parsons Evergreen, LLC's Motion to Transfer Venue.

Having considered the entirety of the records and file herein, the Court rules as follows:

This is a Miller Act case. Parsons Evergreene, LLC ("Parsons") entered into a contract with the Department of the Air Force to construct "anti-terrorism force protection entry gates" at McChord Air Force Base. Complaint, para. 9, Dkt. #1. Clay Wickstrom d/b/a Painter's Choice ("Painter's Choice") had the painting subcontract. Parsons terminated Painter's Choice and has not paid them under the subcontract. Painter's Choice brought suit in this district against Parsons and the sureties pursuant to the Miller Act to recover the sums owed. The subcontract, twenty-five pages in length including addendums, appears to be

largely a form contract. It contains a forum selection clause at page 11, paragraph 54, which states:

> 54. VENUE. The parties further agree that Salt Lake County, Utah shall be the exclusive venue for the resolution of all disputes arising hereunder, and hereby agree to the exercise of personal jurisdiction over them by courts of competent jurisdiction located in Salt Lake County, Utah.

<u>Motion to Transfer Venue, Exhibit A, Dkt. #7</u>.

The Miller Act requires a contractor to furnish a payment bond, 40 U.S.C. § 3131(b)(2), "to protect those who supply labor or materials to a contractor on a federal project." *F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 122-23 (1974). If things go awry, the Act provides that "[a] civil action brought under this subsection must be brought . . . in the United States District Court for any district which the contract was to be performed and executed . . . ." 40 U.S.C. §§ 3133 (b)(3) and (b)(3)(B). Notwithstanding the apparently mandatory language quoted above, Parsons seeks to enforce the aforementioned forum selection clause and has moved to transfer venue to the District of Utah pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). The Ninth Circuit has not ruled on the viability of a forum selection clause in a Miller Act case, but three other circuit courts have ruled on the issue and held that such a clause is enforceable under the Act. *In re Fireman's Fund Ins. Companies, Inc.,* 588 F.2d 93, 95 (5th Cir. 1979); *United States ex. rel. Pittsburg Tank & Tower, Inc. v. G&C Enterprises, Inc.,* 62 F.3d 35, 36 (1st Cir. 1995); and, *United States ex.rel. B&D Mechanical Contractors, Inc. v. St. Paul Mercury Ins. Co.,* 70 F.3d 1115, 1117 (10th Cir. 1995).

In a Miller Act case that did not involve a forum selection clause but rather involved a dispute over where venue should lie when materials were diverted from California and delivered in South Carolina, the Supreme Court stated that the subsection quoted above "is merely a venue requirement." *F.D. Rich Co.,* 417 U.S. at 126. Relying on this language, the First, Fifth, and Tenth Circuits held that a forum selection clause in a Miller Act case is enforceable. Given that the purpose of the Miller Act is to protect subcontractors,[1] *F.D. Rich Co.*, 417 U.S. at 122-23, the Court is not convinced that the First, Fifth, and Tenth Circuits are correct in their decisions that a forum selection clause may be enforceable in this type of case. However, even if a party may contract around the Miller Act venue provision, a forum selection clause should only be enforced if it was not procured by fraud, undue influence, overweening bargaining power, "or such serious

---

[1] The Miller Act venue provision may also operate to protect contractors and sureties by preventing multiple lawsuits in several jurisdictions. *In re Fireman's Fund*, 588 F.2d at 95; *United States ex.rel. Aurora Painting v. Fireman's Fund Ins.*, 832 F.2d 1150, 1152 (9th Cir. 1987). However, the venue provision protects small subcontractors by guaranteeing a local forum. *United States ex.rel. Vermont Marble Co. v. Roscoe-Ajax Constr. Co.*, 246 F. Supp. 439, 443 (N.D. Cal. 1965).

ORDER
Page - 2

inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court . . .." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984).

Clay Wickstrom has presented evidence that it would be "difficult, if not impossible" to litigate this case in Utah. Wickstrom Decl., para. 7, Dkt. #10. He is the sole proprietor of a restaurant in Ronald, Washington where he handles the daily receipts, orders and stocks the food and liquor, and tends bar. *Id*. Being away from this business would create a financial hardship. Furthermore, the witnesses to this lawsuit are here in Washington. In addition to Wickstrom, he had three employees on the job, and defendant's superintendent on the job resides in this area. Wickstrom Decl., para. 3, Dkt. #10. It is apparent that litigating this case in Utah would seriously inconvenience plaintiff and deprive him of his day in court. Salt Lake County, Utah has no connections whatsoever to this case. Transferring this case to Utah would not further the Miller Act's stated purpose of protecting subcontractors. It is therefore,

**ORDERED** that Defendant Parsons' Motion to Transfer Venue [Dkt. #7] is **DENIED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 26th day of August, 2005.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE